**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-7022**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

ERIC JERELL WILSON,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (CR-01-983; CA-04-22509-2)

_____

Submitted:  October 17, 2005        Decided:  November 14, 2005

_____

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Eric Jerell Wilson, Appellant Pro Se.  Brent Alan Gray, OFFICE OF
THE UNITED STATES ATTORNEY, Charleston, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Eric Jerell Wilson seeks to appeal the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's judgment was entered on the docket on April 7, 2005. The notice of appeal, postmarked June 21, 2005, was received by the district court on June 24, 2005.[*] Because Wilson failed to file a timely notice of appeal or to obtain an

---

[*]For the purpose of this appeal, we assume the date appearing on the envelope containing the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988). The earliest date on the certificate of service was not attested to by a declaration under penalty of perjury or a notarized statement, and the evidence of the date of mailing and receipt by the district court suggests a date of delivery to the prison mailbox later than the date on the document. See Fed. R. App. P. 4(c)(1); 28 U.S.C. § 1746 (2000).

extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED